UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES RIPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-524-TWP-TAB |
| | ) | |
| CORIZON MED SVCS GROUP, also known as CORIZON, INC. et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. The Complaint is Dismissed**

Plaintiff James T. Ripps, an inmate at the New Castle Correctional Facility, filed this civil action alleging "felony prosecution," "racketeering and official corruption," denial of timely medical care and deliberate indifference to serious medical needs. He seeks fifty million dollars, criminal prosecution of the defendants, and costs and fees.

Because Ripps is a prisoner, the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is

entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Ripps, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

It has been noted that "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). Ripp's complaint is subject to dismissal as unintelligible. Specifically, it is not clear from the caption in the complaint who the plaintiff is suing. Nor is it clear what legal injury Ripps claims to have suffered and what persons or entities are responsible for each such legal injury.

In addition, the complaint is titled "Fifty Million Dollar ($50,000,000.00) Lawsuit for Felony Prosecution." To the extent the plaintiff intends to use the present action to commence criminal charges against the defendants, this effort fails because only the government may commence criminal charges and because a

private individual has no right to compel such a prosecution. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (holding that inmates lacked standing to force issuance of arrest warrants of correctional officers for beatings); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (private persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action. (Posner, J., concurring), *cert denied*, 502 U.S. 1035 (1992).

## II. An Amended Complaint May Be Filed

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall have **through February 19, 2013,** in which to **file an amended complaint.**

If an amended complaint is filed, it shall conform to the following guidelines:

!       The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

!       The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

!       The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

!       The amended complaint should clearly identify what federal claims are asserted and what state law claims, if any, are asserted.

!       The amended complaint should not include legal argument.

### III.  Further Proceedings

If no amended complaint is filed as permitted in Part II of this Entry, the action will be dismissed consistent with the dismissal of the complaint in Part I.  If an amended complaint is filed as permitted in Part II of this Entry, that pleading will be Ascreened@ as required by 28 U.S.C. ' 1915A(b) and an appropriate order will issue following the completion of that step. All other proceedings are **stayed.**

### IV. Pending Motions

Given the dismissal of the complaint, and the time for filing an amended complaint **all pending motions are denied without prejudice as premature**, including plaintiff's motion for summary judgment [Dkt. 14], motion for federal investigation [Dkt. 15], motion to appoint counsel [Dkt. 16] and motion to compel [Dkt. 19].

**IT IS SO ORDERED.**

Date: _01/18/2013_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**James Ripps**
**206580**
**New Castle - CF**
**1000 Van Nuys Road**
**P.O. Box A**
**New Castle, IN 47362**

**All Electronically Registered Counsel**